IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCES JENNY BREWER,        )
                             )
        Plaintiff,            )
                             )
  -vs-                        )    Civil Action No. 17-153
                             )
NANCY A. BERRYHILL,[1]        )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
        Defendant.            )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

### I.     BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff filed her applications alleging disability since July 28, 2012. (ECF No. 8-7, pp. 2, 11). Administrative Law Judge ("ALJ"), Joanna Papazekas, held a hearing on April 6, 2016. (ECF No. 8-3). On July 20, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 20-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.　LEGAL ANALYSIS

### A.　Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Conflicts between the Vocational Expert ("VE") Testimony and the Dictionary of Occupational Titles ("DOT")

Plaintiff first argues that the case should be reversed/remanded because there were inconsistencies between the VE's testimony and the information contained in the DOT.  (ECF No. 13, p. 9).  Specifically, Plaintiff contends the ALJ did not resolve a conflict between the VE's testimony and the DOT.  *Id.*  I turn to SSR 00-4p for guidance on this matter.  *See* 2000 WL 1898704.

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. *At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.*

*See* SSR 00-4p, 2000 WL 1898704 (emphasis added).  A reasonable explanation for a conflict or apparent conflict, which may provide a basis for relying on the evidence from the vocational

expert, rather than the DOT information, exists where "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." *Id.* The Court of Appeals for the Third Circuit similarly requires an ALJ to address and resolve any material inconsistencies or conflicts between the vocational expert's testimony and the DOT descriptions. *See Boone v. Barnhart*, 353 F.3d 203, 206 (3d. Cir. 2004). Indeed, the failure to do so may necessitate a remand. *Id.*

After careful review, I find the inconsistency was properly addressed at the hearing. (ECF No. 8-3, pp. 37-40). Then, in her decision, the ALJ thoroughly discussed and resolved the inconsistency finding the VE's explanation for the difference to be reasonable. (ECF No. 6-3, pp. 37-39; No. 8-2, p. 32). Based on the same, I find the ALJ was entitled to rely upon the vocational expert's testimony. SSR 00-04p. Therefore, I find no error in this regard.

### C. **Residual Functional Capacity ("RFC")** [2]

Virtually all of Plaintiff's argument regarding the RFC maintains that there is substantial evidence to support her position that she is disabled. (ECF No. 13, pp. 11-16). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is entirely misplaced.

It may be argued that Plaintiff is suggesting that the ALJ failed to properly consider her need to take one hour to eat lunch due to her esophageal problems when determining her RFC. (ECF No. 13, pp. 14-17). This "suggestion" falls woefully short. Nevertheless, I will consider the

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work with certain exceptions. (ECF No. 8-2, pp. 24-31).

4

same. After a review of the record, I find the ALJ specifically considered and sufficiently addressed her alleged esophageal issues (as well as her other alleged impairments). (ECF No. 8-2, pp. 20-32). For example, the ALJ acknowledged that Plaintiff testified she had issues with her esophagus and required a long time to eat. (ECF No. 8-2, p. 25). However, the ALJ found Plaintiff not entirely credible.[3] *Id.* Therefore, she was not required to accept such testimony. Simply because a plaintiff has an impairment or a diagnosis does not equate to a disability. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). Thus, I find no error in this regard.

D. **Acceptable VE Testimony**

Plaintiff next argues that the ALJ erred in relying on the VE testimony that did not account for all of Plaintiff's impairments, namely her esophageal problems. (ECF No. 13, p. 10). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ accepted the hypothetical questions and VE testimony that accurately reflected Plaintiff's impairments. (ECF No. 8-3, pp. 37-40; No. 8-2, pp. 20-32). Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

---

[3] An ALJ is charged with the responsibility of determining a plaintiff's credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). Here, Plaintiff does not argue that the ALJ erred in determining her credibility. *See*, ECF No. 13.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCES JENNY BREWER,  )
                                      )
       Plaintiff,  )
                                      )
 -vs-  )   Civil Action No. 17-153
                                      )
NANCY A. BERRYHILL,[4]  )
COMMISSIONER OF SOCIAL SECURITY,  )
                                      )
      Defendant.  )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 6th day of March, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                                                    BY THE COURT:

                                                    s/ Donetta W. Ambrose
                                                       Donetta W. Ambrose
                                                       United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.